IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**ISRAEL CRUZ** and **RAUL VINO,**
individually, and on behalf of all other
employees of Defendants similarly situated,

       Plaintiffs,

vs.

**CRIME PREVENTION OF FLORIDA, LLC,**
a Florida limited liability company, and
**ANGEL GONZALEZ,** individually,

       Defendants.
_____/

**COMPLAINT FOR VIOLATION OF
THE FAIR LABOR STANDARDS ACT**

       COME NOW Plaintiffs ISRAEL CRUZ and RAUL VINO ("Plaintiffs"), by and through their undersigned counsel, and file this Complaint for Violation of the Fair Labor Standards Act against Defendants CRIME PREVENTION OF FLORIDA, LLC, a Florida limited liability company ("CRIME PREVENTION"), and ANGEL GONZALEZ, individually ("GONZALEZ"), and alleges as follows:

GENERAL ALLEGATIONS

       1.    Plaintiffs, who were employed by CRIME PREVENTION from January 2019 to October 9, 2020 (with Plaintiff Cruz being employed from January 2019 to October 9, 2020, and Plaintiff Vino being employed from January 31, 2020 to October 2, 2020), bring this action against CRIME PREVENTION and ANGEL GONZALEZ, on behalf of themselves and others similarly situated, to redress the deprivation of rights secured to Plaintiffs and others similarly situated by the minimum wage and overtime hour provisions and to recover unpaid minimum wages and overtime compensation, liquidated damages,

1

attorney's fees and costs pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201(b), et seq. (hereinafter the "FLSA") and the Florida Minimum Wage Act, Fla. Stat. §448.110 et seq. (hereinafter the "FMWA").

2. Jurisdiction of this action is conferred on this Court by 29 U.S.C. §216(b) and by the provisions of 28 U.S.C. §1337 relating to "any civil action or proceeding arising under an act of Congress regulating commerce."

3. Venue is proper with this Court because the acts and omissions set forth herein occurred within the territorial jurisdiction and district of this Court.

4. At all times material hereto, the Plaintiffs were residents of the County of Miami-Dade, Florida.

5. At all times material hereto, CRIME PREVENTION was a company doing business in Florida with various business addresses, including 19712 N.W. 88 Avenue, Hialeah, Florida 33018, 4445 W. 16 Avenue, Suite 412, Hialeah, Florida 33012, and 7478 N.W. 8 Street, Miami, Florida 33126, all of which are in Miami-Dade County, Florida, within the jurisdiction and district of this Court, and operates a security guard company in Miami-Dade County, Florida, within the jurisdiction and district of this Court.

6. During the time period from approximately January 2019 through October 9, 2020, CRIME PREVENTION employed Plaintiffs and others similarly situated as "at-will", nonexempt, security guards at various locations of clients and/or customers of CRIME PREVENTION in Miami-Dade County, Florida.

7. Plaintiffs are informed and believe that at all times material hereto, Defendant ANGEL GONZALEZ was a resident of the County of Miami-Dade, State of Florida.

2

8. At all times material hereto, Defendant ANGEL GONZALEZ was an officer and/or an administrator or manager of CRIME PREVENTION and a direct or indirect supervisor and employer of Plaintiffs and others similarly situated within the meaning of 29 U.S.C. §203(d) in that Defendant ANGEL GONZALEZ acted directly in the interest of CRIME PREVENTION in relation to its employees, including Plaintiffs and other employees of CRIME PREVENTION similarly situated.

9. Plaintiffs are informed and believe and hereby allege that during the relevant time period material hereto, CRIME PREVENTION's gross annual revenues were in excess of $500,000.00. See Dobbins v. Scriptfleet, Inc., 2012 WL 601145, at *2 (M.D.Fla. Feb. 23, 2012) (Bucklew, J.) (allegation, on information and belief, that defendants' annual gross sales exceeded $500,000 was sufficient to withstand dismissal); Roberts v. Caballero & Castellanos, PL, 2010 WL 114001, at *3 (S.D.Fla. Jan. 11, 2010) (Moore, J.) (allegation that plaintiff "was of the belief that [defendant] grossed in excess of $500,000 annually" was sufficient to withstand dismissal).

10. At all times material hereto, CRIME PREVENTION was engaged in interstate commerce within the meaning of 29 U.S.C. §§203(b), 203(l), 203(j), 203(r), 203(s) 206(a) and 207(a). Specifically, at all times material hereto, CRIME PREVENTION operated a security guard company which used goods that were transported in interstate commerce. In fact, Plaintiffs are informed and believe that a majority of the goods used by CRIME PREVENTION in its business were produced outside of the State of Florida.

3

11. By reason of the foregoing, CRIME PREVENTION was all times hereafter mentioned engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§203(r) and 203(s).

12. At all times material hereto, Plaintiffs and others similarly situated in performing their job duties, were engaged in commerce within the meaning of 29 U.S.C. §§203(b), 203(l), 203(o), 203(r), 203(s), 206(a) and 207(a). The work performed by Plaintiffs and others similarly situated was directly essential to the business of CRIME PREVENTION, i.e., working as security guards at various business which are clients of CRIME PREVENTION, which was directly essential to the business operated by CRIME PREVENTION. Furthermore, Plaintiffs were engaged in handling goods in commerce because Plaintiffs and the other at-will employees employed by CRIME PREVENTION regularly and recurrently handled goods produced outside of the State of Florida. See 29 C.F.R. §779.114.

13. At all times material hereto, Plaintiffs and others similarly situated did not have a clear understanding as to how they were to be compensated with respect to their work.

COUNT I
VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE
FAIR LABOR STANDARDS ACT BY DEFENDANTS

14. Plaintiffs reallege and reaffirm Paragraphs 1 through 13 as if fully set out in this Count I.

15. During the period of time from approximately January 2019 to October 2020, Plaintiffs worked as security guards at various establishments that are clients and/or customers of CRIME PREVENTION as aforementioned.

4

16.     Plaintiff ISRAEL CRUZ's work schedule was from 6:00 p.m. to 6:00 a.m., six days per week, which is a minimum of seventy-two (72) hours per week, and almost every week he would work three double shifts, which resulted in an additional thirty-six (36) hours per week that he would work.

17.     Plaintiff ISRAEL CRUZ was paid a varying regular rate of pay, which during some weeks was as low as $9.56 per hour and in other weeks being as much as $18.63 per hour, but he was never paid for any hours over forty (40) hours per week.  As such, Plaintiff ISRAEL CRUZ is owed minimum wages, plus liquidated damages pursuant to 29 U.S.C. §201(b), et seq. for the hours that he was not paid.

18.     Plaintiff RAUL VINO's work schedule was from 8:00 a.m. to 12:00 midnight, six days per week, which is a minimum of seventy-two (72) hours per week, and sometimes he would work additional shifts to replace employees that did not show up.

19.     Plaintiff RAUL VINO was paid $600.00 per week but was never paid for any hours over forty (40) hours per week.  As such, Plaintiff RAUL VINO is owed minimum wages, plus liquidated damages pursuant to 29 U.S.C. §201(b), et seq.

20.     Defendants knew or should have known that Plaintiffs and others similarly situated suffered or were permitted to work for CRIME PREVENTION as defined in 29 U.S.C. §203(g) as aforementioned.

21.     Other employees of Defendants similarly situated to Plaintiffs were subjected to the same practices as Plaintiffs and worked similar hours and were not compensated as required by the FLSA.

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, Suite 800, Miami, Florida 33131 ● Tel: 305.824.2400 ● Fax: 305.468.6321

22. Defendants failed and/or refused to compensate Plaintiffs and others similarly situated for such work at the federally mandated minimum wages, contrary to the provisions of 29 U.S.C. §207(a).

23. At all times material hereto, Defendants knew that the herein described refusals and/or failures were prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein and/or showed reckless disregard for whether the herein described refusals and/or failures were in violation of the FLSA.

24. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiffs and others similarly situated.

## COUNT II
## VIOLATION OF THE OVERTIME PAY PROVISIONS OF THE FAIR LABOR STANDARDS ACT BY DEFENDANTS

25. Plaintiffs reallege and reaffirm Paragraphs 1 through 13 as if fully set out in this Count II.

26. During the period of time from approximately January 2019 to October 2020, Plaintiffs worked as security guards at various establishments that are clients and/or customers of CRIME PREVENTION as aforementioned.

27. Plaintiff ISRAEL CRUZ's work schedule was from 6:00 p.m. to 6:00 a.m., six days per week, which is a minimum of seventy-two (72) hours per week, and almost every week he would work three double shifts, which resulted in an additional thirty-six (36) hours per week that he would work.

28. Plaintiff ISRAEL CRUZ was paid a varying regular rate of pay, which during some weeks was as low as $9.56 per hour and in other weeks being as much as

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, Suite 800, Miami, Florida 33131 ● Tel: 305.824.2400 ● Fax: 305.468.6321

$18.63 per hour, but he was never paid for any hours over forty (40) hours per week.  As such, Plaintiff ISRAEL CRUZ is owed overtime wages, plus liquidated damages pursuant to 29 U.S.C. §201(b), et seq.

29.     Plaintiff RAUL VINO's work schedule was from 8:00 a.m. to 12:00 midnight, six days per week, which is a minimum of seventy-two (72) hours per week, and sometimes he would work additional shifts to replace employees that did not show up.

30.     Plaintiff RAUL VINO was paid $600.00 per week but was never paid for any hours over forty (40) hours per week.  As such, Plaintiff RAUL VINO is owed overtime wages, plus liquidated damages pursuant to 29 U.S.C. §201(b), et seq.

31.     Defendants knew or should have known that Plaintiffs and others similarly situated suffered or were permitted to work for CRIME PREVENTION as defined in 29 U.S.C. §203(g) as aforementioned.

32.     Other employees of Defendants similarly situated to Plaintiffs were subjected to the same practices as Plaintiffs and worked similar hours and were not compensated as required by the FLSA.

33.     Defendants failed and/or refused to compensate Plaintiffs and others similarly situated for such work at the federally mandated overtime wages, contrary to the provisions of 29 U.S.C. §207(a).

34.     At all times material hereto, Defendants knew that the herein described refusals and/or failures were prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein and/or showed reckless disregard for whether the herein described refusals and/or failures were in violation of the FLSA.

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, Suite 800, Miami, Florida 33131 ● Tel: 305.824.2400 ● Fax: 305.468.6321

35.     At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiffs and others similarly situated.

## PRESUIT DEMAND

36.     On January 31, 2022, on March 8, 2022, and again on April 4, 2022, Plaintiffs, through undersigned counsel, sent (via Certified Mail) a written demand to Defendants, as owners, managers and administrators of CRIME PREVENTION, pursuant to <u>Patel v. Wargo</u>, 803 F.2d 632, 637-38 (11th Cir. 1986); <u>Donovan v. Agnew</u>, 712 F.2d 1509, 1511 (1st Cir.1983); <u>Perez v. Palermo Seafood, Inc.</u>, 548 F.Supp.2d 1340, 1346 (S.D. Fla., 2008) demanding that the Defendants pay the amounts owed to the Plaintiffs. Defendants, however, failed and refused to pay the amounts owed to Plaintiffs.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

37.     Plaintiffs, by and through their undersigned counsel, hereby demands a jury trial of all issues so triable.

WHEREFORE, Plaintiffs respectfully request that a judgment be entered in their favor against Defendants as follows:

(a)     Declaring, pursuant to 28 U.S.C. §2201 and §2202, that the acts and practices complained of herein are in violation of the minimum wage and overtime compensation provisions of the FLSA;

(b)     Permanently enjoin the Defendants, their agents, officers and employees from engaging in all practices found by this Court to be in violation of the FLSA;

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, Suite 800, Miami, Florida 33131 ● Tel: 305.824.2400 ● Fax: 305.468.6321

(c) Awarding Plaintiffs compensation for all hours that they worked for Defendants, but for which they were not compensated at the statutory federally mandated overtime wages;

(d) Awarding Plaintiffs liquidated damages;

(e) Awarding Plaintiffs reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. §216(b); and

(f) Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 28th day of April 2022.

        LAW OFFICES OF
        SANTIAGO J. PADILLA, P.A.

        By:    s/Santiago J. Padilla
              Santiago J. Padilla, Esq.
              Florida Bar No.: 037478
              Attorney for Plaintiffs

        Law Offices of Santiago J. Padilla, P.A.
        1395 Brickell Avenue, Suite 800
        Miami, Florida 33131
        Telephone: (305) 824-2400
        Facsimile: (305) 468-6321
        Email: sjp@padillalawoffice.com

9

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, Suite 800, Miami, Florida 33131 ● Tel: 305.824.2400 ● Fax: 305.468.6321