**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 22-CV-21333-CMA**

**ISRAEL CRUZ** and **RAUL VINO,**
individually, and on behalf of all other
employees of Defendants similarly situated,

      Plaintiffs,

vs.

**CRIME PREVENTION OF FLORIDA, LLC,**
a Florida limited liability company, and
**ANGEL GONZALEZ,** individually,

      Defendants.

_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Plaintiffs ISRAEL CRUZ ("Cruz") and RAUL VINO ("Vino") (Cruz and Vino collectively referred to as the "Plaintiffs"), and the Defendants CRIME PREVENTION OF FLORIDA, LLC, a Florida limited liability company ("Crime Prevention") and ANGEL GONZALEZ ('Gonzalez") (Crime Prevention and Gonzalez collectively referred to as the "Defendants"),   pursuant to Rule 41 of the Federal Rules of Civil Procedure, and Local Rule 7.1, jointly move this Court to approve the parties' Settlement Agreement and Release, and to dismiss  the above-styled action with prejudice, with the Court retaining jurisdiction to enforce the parties Settlement Agreement.

PRELIMINARY STATEMENT

In their Complaint, Plaintiffs alleged that Defendants failed to pay them minimum wages and overtime compensation in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA").   To avoid the costs and uncertainty of further litigation, however, the parties have agreed to settle Plaintiffs' claims and seek dismissal of this action with prejudice.

1

## ARGUMENT AND CITATION TO AUTHORITY

Pursuant to <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised only with the approval of a court or the Secretary of Labor.   When the settlement is the result of negotiations between two parties represented by counsel in the context of litigation, "the settlement is more likely to reflect a reasonable compromise of disputed issues." <u>Id</u>. at 1354.   In this action, the parties engaged in settlement negotiations, which involved intense negotiations between the parties, both of whom were represented by counsel, that led to a formal settlement agreement which provides for, among other things, the payment of purported lost wages, liquidated damages, Plaintiffs' attorneys' fees, and Plaintiffs' litigation expenses.   Plaintiffs' attorneys' fees and costs were negotiated separately and without regard for the amount of Plaintiffs' settlement. Defendants agree and acknowledge that the sums to be paid by Defendants under the Settlement Agreement and Release for Plaintiffs' attorney's fees and costs are reasonable based upon the circumstances herein, and the amount to be paid by Defendants satisfies any and all amounts Plaintiffs owe their attorney.

The Defendants agreed to pay to Plaintiff the amount of $20,000.00, as set forth in the Settlement Agreement and Release attached hereto as <u>Exhibit "A"</u>.   The settlement amount is divided as follows:   (a) $10,000.00 as wages and liquidated damages to Plaintiff Cruz; (b) $6,000.00 as wages and liquidated damages owed to Plaintiff Vino; and (b) $4,000.00 in attorneys' fees and costs.

The parties agree that the settlement represents a fair and equitable resolution of this action. The parties also submit that dismissal with prejudice is appropriate as this action has remained an individual action and no motion for collective action certification has been made or considered by

this Court.

A proposed Order is attached to this Motion as <u>Exhibit "B"</u>.

WHEREFORE, the parties respectfully request that this Court enter an Order granting the instant Motion in its entirety issue an Order approving the terms of the settlement of Plaintiff's FLSA claims and dismissing this case with prejudice, and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 16th day of August 2022.

|  | LAW OFFICES OF<br>SANTIAGO J. PADILLA, P.A. |
|---|---|
| By:   s/Mark Goldstein | By:   s/Santiago J. Padilla |
| Mark Goldstein, Esq. | Santiago J. Padilla, Esq. |
| Florida Bar No.:   882186 | Florida Bar No.:   037478 |
| E-Mail: markgoldsteinattorney@gmail.com | E-Mail: sjp@padillalawoffice.com |
| | |
| Mark Goldstein, Esq. | Law Offices of Santiago J. Padilla, P.A. |
| 1835 N.E. Miami Gardens Drive, Suite 211 | 1395 Brickell Avenue, Suite 800 |
| Miami, Florida 33179 | Miami, Florida 33131 |
| Phone (305) 342-4839 | Tel: (305) 824-2400 |
| Attorney for Defendants | Fax: (305) 468-6321 |
| | Attorney for Plaintiffs |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of August 2022, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system.   I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:    Santiago J. Padilla
Santiago J. Padilla, Esq.
Florida Bar No.: 037478
Attorney for Plaintiffs

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, Suite 800
Miami, Florida 33131
E-mail:  sjp@padillalawoffice.com
Tel: (305) 824-2400
Fax: (305) 468-6321

## SERVICE LIST

**Israel Cruz et al. v. Crime Prevention of Florida, Inc., et al.**
**Case No. 22-21333-Civ-ALTONAGA/Torres**
**United States District Court, Southern District of Florida**

Mark Goldstein Esq.
Attorney for Defendants
1835 N.E. Miami Gardens Drive, Suite 211
Miami, Florida 33179
Phone (305) 342-4839
Email: markgoldsteinattorney@gmail.com

Method of Service: via Notices of Electronic Filing