UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-21333-CIV-ALTONAGA/Torres

**ISRAEL CRUZ**, *et al.*,

    Plaintiffs,
v.

**CRIME PREVENTION OF
FLORIDA, LLC**; *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on the parties' Joint Motion to Approve Settlement Agreement and to Dismiss Case with Prejudice [ECF No. 24], filed on August 16, 2022. The parties have settled this case, filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and seek the Court's approval of their Settlement Agreement and Release [ECF No. 24-1] ("Agreement"). (*See* Mot.).

When an employer violates the FLSA, the employer is liable for the amount owed under the FLSA, as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Unlike with many claims, parties may not bargain away the FLSA's protections. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power, prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damage is called for." (alteration added)); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982); *Hogan v. Allstate Beverage Co. Inc.*, No. 2:10cv390–MHT, 2011 WL 3568818, at *6 (M.D. Ala. Aug. 15, 2011). Therefore,

parties may not bargain away the right to liquidated damages. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946) ("[W]e think the remedy of liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage." (alteration added)); *Lynn's Food Stores*, 679 F.2d at 1353 n.8.

Under the terms of the Agreement, the parties have agreed to a settlement whereby Defendants will pay $10,000.00 to Plaintiff Cruz; $6,000.00 to Plaintiff Vino; and $4,000.00 to counsel for Plaintiffs as attorney's fees and costs. (*See* Agreement 3). The Agreement, however, does not indicate what portion of the settlement amount corresponds to liquidated damages. Regarding the amount corresponding to wages or overtime compensation, under 29 U.S.C. section 216(b), Plaintiffs are entitled to an equal amount — an *additional* amount — in liquidated damages. Because the parties fail to provide for liquidated damages, the Agreement must be rejected.

Moreover, the Agreement contains scant information explaining the $4,000.00 in attorney's fees and costs. (*See generally id.*). Before a court may approve a settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). In making the requisite fairness determination, the Court considers the following factors:

> (1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.

*Mason v. Wyndham Vacation Ownership, Inc.*, Case No. 6:10-cv-1805-Orl-35GJK, 2012 WL 570060, at *1–2 (M.D. Fla. 2012) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d

1527, 1531 n.6 (11th Cir. 1994)). Factors the Court considers in determining whether requested attorneys' fees are reasonable include:

> 1) the time and labor required;
> 2) the novelty and difficulty of the questions;
> 3) the skill requisite to perform the legal service properly;
> 4) the preclusion of other employment by the attorney due to the acceptance of the case;
> 5) the customary fee;
> 6) whether the fee is fixed or contingent;
> 7) time limitations imposed by the client or the circumstances;
> 8) the amount involved and the results obtained;
> 9) the experience, reputation and ability of the attorneys;
> 10) the "undesirability" of the case;
> 11) the nature and length of the professional relationship with the client; and
> 12) awards in similar cases.

*Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340 n.7 (11th Cir. 1999) (citation omitted).

Under the terms of the Agreement, $4,000.00 of the $20,000.00 agreed-upon settlement is dedicated for "to counsel for Plaintiffs as attorney's fees and costs." (Agreement 3). Neither the Motion nor the Agreement includes affidavits or exhibits detailing the number of hours Plaintiff's counsel expended on this case or a description of the work done for those hours. (*See generally id.*; Mot.). Without that information, the Court cannot scrutinize the reasonableness of the attorneys' fees and costs awarded under the Agreement.

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). The "FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of [the] FLSA's provisions . . . . To turn a blind eye to [a] . . . fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to [the] FLSA's provisions for compensating the wronged employee." *Id.* at 351–52 (emphasis and alterations added; citations omitted).

CASE NO. 22-21333-CIV-ALTONAGA/Torres

As the Motion and Agreement fail to adequately explain or describe the work being compensated by Plaintiff's attorneys' fees and costs, the Court cannot determine the fairness and reasonableness of the proposed Agreement and cannot grant the Motion. Accordingly, it is

**ORDERED AND ADJUDGED** that:

1. The Motion **[ECF No. 24]** is **DENIED**.

2. The parties must submit a revised motion and agreement — with a proposed order and affidavits or exhibits regarding attorneys' fees and costs — that conform to the requirements of the FLSA as set forth above by **August 23, 2022**.

3. The Clerk is instructed to mark this case closed and any pending motions are denied as moot.

**DONE AND ORDERED** in Miami, Florida, this 18th day of August, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record